## APPEAL OF BLACK & YATES, INC.

Docket No. 3442.   Submitted July 6, 1925.   Decided October 16, 1925.

*H. B. Lingle, C. P. A.*, for the taxpayer.
*Blount Ralls, Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and LOVE.

This appeal involves a deficiency in the sum of $2,544.55 for the calendar years 1919 and 1920, of which the taxpayer admits $1,055.88. There are three issues involved: (1) Inventories of 1920, (2) traveling expenses of officers disallowed in 1919, and (3) bad debts disallowed for 1920.

### FINDINGS OF FACT.

1. The taxpayer is a New Jersey corporation with its principal place of business in New York, N. Y., and is engaged in the wholesale business of buying and selling lumber, mostly hardwood.

2. In the conduct of its business it was the practice of two officers of the corporation, H. R. Black and H. L. Black, to travel about to solicit business and come in personal contact with its customers. In doing so they incurred expenses consisting of railway fares, hotel bills, meals, etc. These expenses were paid out of their personal funds, but at stated intervals, usually monthly, a detailed memorandum of the expenses was presented to the taxpayer, which reimbursed them for the expenses so incurred. During the year the expenses so incurred and paid by the taxpayer were as follows:

| | |
|---|---|
| 1919—January, H. L. Black | $76.50 |
| February, H. L. Black | 74.25 |
| March, H. L. Black | 66.02 |
| March, H. L. Black | 80.90 |
| April, H. L. Black | 117.25 |
| May, H. L. Black (western trip) | 352.65 |
| June, H. L. Black | 73.38 |
| June, H. L. Black | 76.50 |

| | |
|---|---:|
| 1919—July, H. L. Black | $7.75 |
| July, H. L. Black | 48.50 |
| August, H. L. Black | 15.50 |
| August, H. L. Black | 78.50 |
| September, H. L. Black | 73.46 |
| October, H. L. Black | 92.50 |
| November, H. R. Black | 78.50 |
| November H. L. Black | 76.25 |
| December H. L. Black | 78.15 |
| December, H. R. Black | 77.20 |
| Other months, 1919, H. R. Black | 1,116.37 |
| Total | 2,660.13 |

3. In the forepart of the year 1920 the taxpayer purchased 93,118 feet of teakwood consisting of 5 carloads for San Francisco, Calif., invoiced at $263 per thousand feet. During the year 1920 it sold 48,528 feet, leaving on hand at the end of the year 1920 44,590 feet. The taxpayer also purchased during this year one carload of gum wood, the quantity and value of which do not appear on record.

The controversy exists between the taxpayer and the Commissioner as to the market or cost value of this teakwood at the close of the year 1920 for inventory purposes. No evidence was presented to prove whether the market or cost value was lower at the end of said year.

4. The taxpayer had an account with the L. W. F. Engineering Co., Inc., for lumber sold. During the year 1920 it made frequent attempts to collect this account and did collect various amounts until it was reduced to $8,253.99. On December 7, 1920, the L. W. F. Engineering Co., Inc., went in the hands of a receiver as insolvent. The taxpayer thereupon considered the debt worthless and uncollectible, and so notified the Ocean Accident & Guaranty Co.,. Ltd., the insurer of this account, which company prior to December 31, 1920, also considered said debt worthless and in accordance with the terms of its policy paid the taxpayer $5,711.50 on January 3, 1921, leaving a balance of $2,542.49 which the taxpayer charged off its books as of December 31, 1920. No other payments were made on this account, except on February 24, 1923, at which time the insurance company paid the taxpayer $309.52. It is this amount of $2,542.49 which the taxpayer seeks to deduct as a bad debt for the year 1920, and which the Commissioner contends should be allowed in subsequent years.

### DECISION.

The determination of the Commissioner as to the inventories is approved. The deficiency determined by the Commissioner resulting from the disallowance by the Commissioner of $2,660.13 as

traveling expenses for the year 1919 and the sum of $2,542.49 as a bad debt for 1920 is disallowed. Final determination will be settled on consent or on 15 days' notice, as provided by Rule 50.

ARUNDELL not participating.